UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CHRISTOPHER COMEAU, et al., <br> Plaintiffs, <br><br> v. <br><br> TOWN OF WEBSTER, et al., <br> Defendants, <br><br> v. <br><br> ROBERT J. MASCOFFIAN, et al. <br> Third Party Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION <br> NO. 11-40208-TSH |

## ORDER

June 12, 2013

Hennessy, M.J.

By Order of Reference dated June 7, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #48), this matter was referred to me for a ruling on defendant Town of Webster's Motion to Deem Requests for Admissions as Admitted (Docket #45). The motion is ALLOWED.

I. BACKGROUND

Alleging repeated failures to comply with extensions of time to respond to requests for admissions, defendant Town of Webster (the "Town") filed the present motion on May 28, 2013. In its motion, the Town asserts that it served third party defendants, Arnold Villatico and Robert Moscoffian, with requests for admissions on March 28, 2013, to which the third party defendants failed to timely respond. At a status conference before Judge Hillman on May 6, 2013, Judge

Hillman ordered that all written discovery, including a response to the Town's requests for admissions, be completed by the third party defendants on or before May 20, 2013. (Docket #43). After again failing to file a timely response, at a subsequent hearing on May 20, 2013, Judge Hillman gave the third party defendants an additional week, until May 28, 2013, to answer the outstanding requests. (Docket #44). Again the third party defendants failed to timely respond. Accordingly, the Town moved under Fed. R. Civ. P. 36(a)(3) to have the matters in the requests for admissions deemed admitted.

Third party defendants filed an opposition to this motion on May 29, 2013 (Docket #47). Third party defendants state that technical issues prevented them from responding to the request by the May 28, 2013 deadline. Specifically, third party defendants state that a malfunction of Word software caused the responses to the requests for admissions to go from a document of 12 pages to a document of approximately 225 pages of one letter on top of another. In addition, upon learning of the present motion, counsel for third party defendants asserts that he contacted defense counsel by email informing them of the issue and attached a copy of the document as it existed to the email.[1] Counsel for third party defendants states that the problem was eventually resolved and the corrected document was forwarded to defense counsel. Third party defendants attached as Exhibit 1 to their opposition a copy of their answers to the requests for admissions.

II. DISCUSSION

Pursuant to Fed. R. Civ. P. 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[.]" Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written

---

[1] There is no indication that counsel for third party defendants attempted to contact either defense counsel or the court prior to the discovery deadline.


answer or objection addressed to the matter and signed by the party or its attorney. A . . . longer time for responding may be . . . ordered by the court." Fed. R. Civ. P. 36(a)(3).

Here, Judge Hillman enlarged the time to file a response to the Request for Admissions to May 28, 2013. Third party defendants admit that their answers to the requests for admissions were filed past this deadline. Though the Court can sympathize with an inability to resolve technological glitches, counsel for third party defendants offers no reason for failing to seek a modest enlargement of time to fix the issue and otherwise comply with their discovery obligations. Thus, by operation of Rule 36(a)(3), the requests for admissions are deemed admitted. This ruling does not preclude third party defendants from seeking relief under Rule 36(b).[2]

III.  CONCLUSION

For the foregoing reasons, the Motion to Deem Requests for Admissions as Admitted (Docket #45) is ALLOWED.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[2] Fed. R. Civ. P. 36(b) authorizes the court to allow a party to withdraw or amend its admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."