UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHRISTOPHER COMEAU, et al., ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION |
| ) | NO. 11-40208-TSH |
| TOWN OF WEBSTER, et al., ) | |
| Defendants, ) | |
| ) | |
| v. ) | |
| ) | |
| ROBERT J. MASCOFFIAN, et al. ) | |
| Third Party Defendants. ) | |

<u>ORDER</u>

June 13, 2013

Hennessy, M.J.

By Order of Reference dated June 7, 2013, pursuant to 28 U.S.C. § 636(b)(1)(A) (Docket #48), this matter was referred to me for a ruling on defendant Town of Webster's Motion to Deem Certain Requests for Admissions Served Upon the Plaintiffs Admitted (Docket #46). The motion is ALLOWED IN PART AND DENIED IN PART.

I.     BACKGROUND

Defendant Town of Webster (the "Town") filed the present motion on May 28, 2013. In its motion, the Town asserts that it served plaintiffs Christopher Comeau d/b/a C.J. Comeau Trucking, High Roller Transport LTD, and Roger Comeau with requests for admissions on March 28, 2013, to which plaintiffs failed to timely respond. At a status conference on May 6,

2013, Judge Hillman ordered that all written discovery, including a response to the Town's requests for admissions, be completed by plaintiffs on or before May 20, 2013. (Docket #43). Plaintiffs served the Town with their answers to the requests on May 20, 2013 at a hearing before Judge Hillman. However, according to the Town, plaintiffs failed to answer requests numbers 33 and 71. (Docket #46-1).

Plaintiffs objected to, but did not otherwise answer, request number 33. Request number 33 and its objection read:

> 33. Purcell was called to the scene of the accident on July 27, 2008 in his capacity as the Health Inspector for the Town of Webster.
>
> Objection:  The request is redundant and requests an admission the same as contained in request for admission number 32.[1]

Plaintiffs failed to answer or object to request number 71, which reads:

> 71. The shippers of the subject seafood cargo executed full and final releases for any and all cargo claims stemming from the July 27, 2008 accident.

The Town now moves under Fed. R. Civ. P. 36(a)(3) to have the matters in requests numbers 33 and 71 deemed admitted. Plaintiffs have failed to file an opposition to the motion and the time for such filings has now passed. See LR 7.1(b)(2).

II.   DISCUSSION

Pursuant to Fed. R. Civ. P. 36, "[a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1)[.]" Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A . . . longer

---

[1] Plaintiffs admitted request number 32, which states, "Purcell was called to the scene of the accident on July 27, 2008 as the Health Inspector for the Town of Webster."

time for responding may be . . . ordered by the court." Fed. R. Civ. P. 36(a)(3).  Here, Judge Hillman enlarged the time to file a response to the request for admissions to May 20, 2013.

Although plaintiffs filed a response by this deadline, they failed to answer or object to request number 71.  Thus, by operation of Rule 36(a)(3), request number 71 for admissions is deemed admitted.  As to request number 33, plaintiffs interposed a proper objection that request number 33 was essentially identical to request number 32, which plaintiffs had answered.  Thus, the objection to request number 33 satisfied plaintiffs' obligation to respond under Rule 36.  The motion to deem request number 33 admitted (though largely academic here because admitted in an identical request) is denied.  This ruling does not preclude plaintiffs from seeking relief under Rule 36(b).[2]

III.   CONCLUSION

For the foregoing reasons, the Motion to Deem Certain Requests for Admissions Served Upon the Plaintiffs Admitted (Docket #46) is ALLOWED IN PART AND DENIED IN PART.

/s/ David H. Hennessy
David H. Hennessy
UNITED STATES MAGISTRATE JUDGE

---

[2] Fed. R. Civ. P. 36(b) authorizes the court to allow a party to withdraw or amend its admission "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."